UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK JOHNSON,

                              Plaintiff,

v.                                                           Civil Action No. _____

AFNI, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Mark Johnson is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant AFNI, Inc., (hereinafter "AFNI") is a foreign business corporation organized and existing under the laws of the State of Illinois and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Dish Network. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Dish Network to collect on the subject debt.

13. That Defendant placed two telephone calls to Plaintiff's neighbors, Brian Duerr and Diane Emond. In both calls, the Defendant left a message on said neighbors telephone answering machine, which said neighbors heard. Both messages stated that Defnant was calling for Mark Johnson in an attempt to collect a debt.

14. That shortly after listening to the aforementioned telephone messages, Diane Emond informed Lisa Johnson, the Plaintiff's wife, of the aforementioned telephone messages, including the fact that the messages disclosed that Plaintiff owed a debt.

15. That Lisa Johnson, in turn, informed Plaintiff of the aforementioned telephone messages, including the fact that the messages disclosed that Plaintiff owed a debt to their neighbors.

16. That Plaintiff and Lisa Johnson have had a long series of disputes with Brian Duerr and Diane Emond, such that it was extremely upsetting to them that their private financial information had disclosed to them.

17. Upon information and belief, it is possible that the Defendant disclosed Plaintiff's debt to at least one other neighbor of the Plaintiff.

18. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by disclosing to Plaintiff's neighbors that

Plaintiff owed a debt, and by failing to limit the contents of their communications with said neighbors to obtaining location information for Plaintiff.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 20, 2010

/s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com